■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. FRENCH, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— REYNOLDS, J. Appellant's term of imprisonment has not expired and his detention at Dannemora Hospital is, therefore, not subject to review by habeas corpus (*People ex rel. Wilkins* v. *Herold,* 28 A D 2d 1166, mot. for lv. to app. den. 21 N Y 2d 642; *People ex rel. Carroll* v. *Herold,* 27 A D 2d 958). Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN ROSS, Appellant, v. DANIEL J. McMANN, as Warden of Clinton Prison, Respondent.— Judgment affirmed, without costs (*People* v. *Kaiser,* 21 N Y 2d 86). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD CUNNINGHAM, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court of Washington County which denied an application in the nature of a writ of error *coram nobis,* without a hearing. Defendant's moving affidavit states: " That the defendant was coerced into pleading guilty by illegally secured evidence is the basis for this Coram Nobis Proceeding." This contention, insofar as it concerns " illegally secured evidence ", was advanced by defendant in connection with his indictment in another county for a related crime, was decided adversely to him and the decision affirmed upon appeal. (*People* v. *Cunningham,* 26 A D 2d 966.) Despite the quoted allegation as to the basis for his application, defendant does allege an additional ground, to-wit: " Undersheriff Verbraska witnessed the D.A. telling me in Troy in the presence also of Mrs. Olive Morey * * * that a deal had been made with the D.A. in Washington County and petitioner would get not more than three (3) years altogether." A sentence of from 5 to 10 years was imposed. It has been held that a defendant's allegations of statements of this nature communicated to him by one without authority to promise, usually his attorney, do not necessarily entitle him to a hearing thereon without some additional factual showing of a promise by the Judge or the prosecutor (*People* v. *Scott,* 10 N Y 2d 380; *People* v. *Wise,* 11 A D 2d 585) ; but here we have at least a minimal factual allegation of the participation of the District Attorneys for adjoining counties in an arrangement to dispose of defendant's contemporaneous indictments in the two counties; and defendant should be afforded a hearing as to the issue raised by this specific allegation as to the Rensselaer County District Attorney's statement to defendant. Order reversed, on the law and the facts, and case remitted to the County Court of Washington County for hearing in accordance with this memorandum decision. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.